■ TPZ CORPORATION, Respondent, v WINANT PLACE ASSOCIATES et al., Appellants, et al., Defendant. [764 NYS2d 868] —In an action, inter alia, to recover payment due under a promissory note and personal guarantees, the defendants Winant Place Associates and Erica Sauerhoff, individually and as administrator of the estate of Joseph Sauerhoff, appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), entered December 7, 2001, as granted the plaintiff's motion for summary judgment, (2) from a judgment of the same court dated February 19, 2002, which is in favor of the plaintiff and against them in the total sum of $1,300,281.80, and (3) from an order of the same court dated March 6, 2002, which denied their motion for leave to renew the plaintiff's motion for summary judgment.

Ordered that the appeal from the order entered December 7, 2001, is dismissed; and it is further;

Ordered that the judgment is modified on the law, by deleting the provision thereof awarding an attorney's fee in the sum of $60,000; as so modified, the judgment is affirmed, the matter is remitted to the Supreme Court, Richmond County, for an evidentiary hearing on the issue of an award of an attorney's fee and for the entry of an appropriate amended judgment, and the order entered December 7, 2001, is modified accordingly; and it is further,

Ordered that the appeal from so much of the order dated March 6, 2002, as denied that branch of the appellants' motion which was for leave to renew that branch of the plaintiff's motion which was for summary judgment on its cause of action for an attorney's fee is dismissed as academic; and it is further,

Ordered that the order dated March 6, 2002, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order entered December 7, 2001, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The award of an attorney's fee pursuant to the promissory note must be reasonable and warranted on a quantum meruit basis (*see Industrial Equip. Credit Corp. v Green,* 62 NY2d 903 [1984]; *Kamco Supply Corp. v Annex Contr.,* 261 AD2d 363 [1999]). The record does not reveal any basis for the court's determination that $60,000 represents a reasonable award. Thus, the matter must be remitted for a hearing and determination as to an appropriate award.

However, the Supreme Court properly granted the remainder of the plaintiff's motion for summary judgment. In view of an impending tax sale of the mortgaged premises, the plaintiff was properly permitted to convert the foreclosure action into an action at law to recover the mortgage debt directly from the appellants (*see* RPAPL 1301 [3]; *Lehman v Roseanne Invs. Corp.,* 106 AD2d 617 [1984]). The plaintiff met its burden of establishing its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). In response, the appellants failed to raise a triable issue of fact (*see Trustco Bank, Natl Assn. v Eakin,* 256 AD2d 778 [1998]; *Continental Capital Corp. v Fiore,* 239 AD2d 381 [1997]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Allen,* 232 AD2d 80 [1997]).

Except as regards the attorney's fee issue, which is now academic, the Supreme Court also properly denied the appellant's motion for leave to renew (*see Feldstein v Rounick,* 295 AD2d 400 [2002]; *N.A.S. Partnership v Kligerman,* 271 AD2d 922 [2000]). Moreover, the court correctly determined that even if the appellants' "new" evidence was considered, the plaintiff was still entitled to summary judgment (*see Anderson v J & M Knitting Mills,* 195 AD2d 435 [1993]).

The appellants' remaining contentions are without merit (*see* CPLR 5002). S. Miller, J.P., Krausman, Townes and Mastro, JJ., concur.